IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 11-04015-01-CR-C-BCW |
| DEBRA LOUISE BRANDWEIN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On August 9, 2013, I held a change-of-plea hearing after this case was referred to me by United States District Judge Brian Wimes. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

## *I. BACKGROUND*

On April 21, 2011, Defendant was indicted with, inter alia, one count of tampering, in violation of 18 U.S.C. §§ 1512(c). A change-of-plea hearing was held on August 9, 2013. Defendant was present, represented by appointed counsel Troy Stabenow. The government was represented by Assistant United States Attorney Gene Porter. The proceeding was recorded and a transcript of the hearing was filed on August 11, 2013 (Doc. No. 146).

## *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for

2

approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 3-4).

2. On April 21, 201a, Defendant was indicted with one count of tampering, in violation of 18 U.S.C. § 1512(c). Defendant indicated that she understood the nature of the charge (Tr. at 5).

3. The statutory penalty for the charge to which Defendant is pleading guilty is not more than twenty years imprisonment, a fine of not more than $250,000, a supervised release term of not more than three years, and a $100 mandatory special assessment fee (Tr. at 5). Defendant was informed of the penalty range and indicated that she understood (Tr. at 5-6).

4. Defendant was advised of the following:

   a. That she has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6);

   b. That she has the right to assistance of counsel throughout the trial (Tr. at 6);

   c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr.

at 6-7);

  d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 7);

  e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 7-8);

  f. That Defendant has the right to subpoena witnesses to testify on her behalf (Tr. at 8); and

  g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8-9).

5. Defendant was informed that during the change-of-plea proceeding, she would be placed under oath and questioned by counsel and the judge (Tr. at 9).

6. Government counsel stated that if this case were to be tried, the evidence would show that during the course of a search of the residence Defendant occupied with her husband, drug manufacturing materials, paraphernalia and items associated with the manufacture of methamphetamine were located (Tr. at 9-10). At a time Defendant was not being observed by law enforcement officers, she took two items that contained methamphetamine residue from the kitchen, washed them out and attempted to prevent the discovery and use of those items for the purpose of furthering a drug manufacturing prosecution against her husband (Tr. at 10).

7. Defendant was placed under oath (Tr. at 14). Defendant stated that she was within the Western District of Missouri on January 8, 2011 (Tr. at 14-15). She knowingly and intentionally destroyed a substance that has been identified as methamphetamine knowing that it was going to be

valuable to law enforcement in their investigation (Tr. at 15). Defendant did so because she wanted to protect her husband (Tr. at 15). Defendant believes she is guilty of tampering (Tr. at 15).

8. In exchange for pleading guilty to Count Four, the Government has agreed to dismiss Count Three (Tr. at 5).

9. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 21-22).

10. Defendant was satisfied with Mr. Stabenow's performance (Tr. at 22). There is nothing Defendant asked Mr. Stabenow to do that Mr. Staenow did not do (Tr. at 22). Likewise, there is nothing Mr. Stabenow has done that Defendant did not want him to do (Tr. at 22).

11. Defendant is 54 years old (Tr. at 24). She completed three years of college (Tr. at 24). She has no difficulty reading, writing and understanding English (Tr. at 24). Defendant has no physical or mental health concerns that would prevent her from entering an intelligent and voluntary plea of guilty (Tr. at 24). She was not under the influence of any kind of drug or alcohol (Tr. at 24).

12. Defendant tendered a plea of guilty (Tr. at 25).

13. The parties waived the fourteen-day objection period to the Report and Recommendation (Tr. at 25).

## V. ELEMENTS OF THE CHARGED OFFENSE

To sustain a conviction of tampering, the government must prove that: (1) an official proceeding was occurring; (2) the defendant "engaged in conduct which constituted a substantial step toward the commission of the crime"; (3) the defendant acted "corruptly"; and (4) "the natural and probable effect of [the defendant's] conduct would be the interference with the due administration of justice." United States v. McCarity, 669 F.3d 1218, 1273 (11th Cir. 2012)(quoting United States

5

v. Mintmire, 507 F.3d 1273, 1289 (11th Cir. 2007)).

## V.  CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having her plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 12, 2013